UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Cr. No.: 7:10-cr-00241-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Paul Calvin Dawkins, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's "Motion of Dismissal." Because Defendant appears to be requesting permission to withdraw his plea of guilty, this Court construes Defendant's motion as a Rule 11(d) Motion. *See* Fed. R. Crim. P. 11(d)(2)(B) (stating that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requiring the withdrawal"). For the reasons stated herein, the Court DENIES Defendant's Motion.

Background

On July 26, 2010, Defendant pled guilty to knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

On September 1, 2010, Defendant filed this Motion *pro se* seeking a "dismissal" of his guilty plea.[1]

### Discussion

The Court notes that Defendant is represented by counsel and has not been granted *pro se* status. Additionally, Defendant's *pro se* Motion has not been adopted by his counsel. Thus, Defendant is attempting to engage in hybrid representation. There is no constitutional right to hybrid representation. *See United States v. Singleton*, 107 F.3d 1091, 1103 (4th Cir. 1997) ("we reject [Defendant]'s contention that the Constitution requires that he be provided with a hybrid type of representation"). "'The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court.'" *Id.* at 1100 n.7 (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2nd Cir. 1989)). Because Defendant has not unequivocally asserted his desire to represent himself and because this Motion has been filed *pro se* without being adopted by Defendant's counsel, this Court exercises its discretion and disregards Defendant's Motion as improvidently filed.

However, in an abundance of caution, the Court has reviewed the substance of Defendant's Motion. Defendant claims that his guilty plea should be "dismissed"

---

[1] In his Motion, Defendant does not expressly state that he is seeking to withdraw his guilty plea, nor is he very clear as to what exactly he hopes to have the Court dismiss. Because the Motion was filed after Defendant entered his guilty plea, and because Defendant appears to be challenging the strength of the Government's case, the Court construes the Motion as one requesting a "dismissal" of Defendant's guilty plea.

because (1) his search and arrest warrants were not signed by a judge and (2) because there is not "a certificate of proof of chain of custody" that shows how much marijuana was found in Defendant's possession. (Def.'s Mot. to Dismiss 1, 3, ECF No. 37.) Attached to Defendant's Motion are what appear to be copies of an evidence log, two unsigned arrest warrants, and the unsigned front page of a search warrant.[2] Defendant appears to argue that the case against him should be dismissed because there is a chain of custody issue and because there are procedural defects with the search and arrest warrants. At one point, Defendant asserts that he had no knowledge of the drugs and guns that were found in his possession.[3]

"Guilty pleas 'are indispensable in the operation of the modern criminal justice system,' and the finality of such pleas is a matter of 'particular importance.'" *United States v. Thompson-Riviere*, 561 F.3d 345, 347 (4th Cir. 2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82–83 (2004)). Consequently, "[a] defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to

---

[2] The Court has reviewed the original versions of the documents referenced in Defendant's Motion. Upon review, the Court observed arrest and search warrants *with signatures*.

[3] "[Defendant] states that he was in the bathroom at the time of the [search]. [Defendant] states that the Officers found Guns, and Marijuana in the home of which he had no Knowledge of. [Defendant] also states that the officer did not get any Guns, or Marijuana on or near his possession." (Def. Mot. 1.)

grant a withdrawal." *United States v. Bowman*, 348 F.3d 408, 413 (4th Cir. 2003) (citing *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). "'The defendant bears the burden of demonstrating that withdrawal should be granted,'" *Thompson-Riviere*, 561 F.3d at 348 (quoting *United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007)), by demonstrating that "a fair and just reason [exists] for requiring the withdrawal," Fed. R. Crim. P. 11(d)(2)(B).

"A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Therefore, "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case." *Brady v. United States*, 397 U.S. 742, 757 (1970); *see also Willis*, 992 F.2d at 491 ("By pleading guilty, [Defendant] relinquished his right to contest . . . [an element of the crime] or to challenge the sufficiency of the evidence presented as a factual basis for his guilty plea.").

The Court considers various factors in determining whether the Defendant has met his burden of establishing "fair and just reasons" for his plea withdrawal, including the following:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion,

> (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248.

With regard to the first factor, there is no evidence that Defendant did not make his plea knowingly and voluntarily. Defendant's Motion does not provide the Court with any reason why Defendant was not able to raise these arguments before his guilty plea or use these purported procedural defects in helping him determine whether he wanted to plead guilty or go to trial. Additionally, Defendant's Guilty Plea Petition shows that Defendant was questioned as to his understanding of his right to plead not guilty and informed of the associated rights he would be giving up by pleading guilty. (Pet. to Enter Guilty Plea 2–3, ECF No. 35.) He was informed that he would be giving up the right to a trial by jury and the right to be presumed innocent until the government proved him guilty beyond a reasonable doubt. (*Id.* at 3.) Defendant was specifically asked if his "plea of guilty and the waivers of [his] rights [were being] made voluntarily and completely of [his] own free choice, free of any force or threats or pressures from anyone." (*Id.* at 7.) He answered yes. (*Id.*) Defendant was also asked if his attorney had reviewed and discussed his guilty plea with him and if Defendant understood all the questions asked of him in the petition. (*Id.* at 8.) He answered yes. (*Id.*)

As to the second factor, although Defendant asserts in his Motion that he did not know there were guns and drugs in the house, he testified under oath that the

offense he committed and was pleading guilty to was possession of a firearm and marijuana. (*See id.* at 8.)  Defendant has proffered no further proof of his alleged innocence.  Regarding the fourth factor, as mentioned earlier in this Order, Defendant is still represented by the same counsel who represented him in his plea hearing.  Nothing in Defendant's Motion suggests that he is dissatisfied with counsel.

Factors three, five, and six favor the Defendant.  Defendant filed this Motion less than two months after pleading guilty; the Government has provided no information to the Court that would indicate it would be prejudiced should the Defendant be allowed to withdraw his guilty plea; and the inconvenience to the Court would be minimal.  Even considering these last three factors, Defendant has failed to carry his burden of establishing a "fair and just reason" for allowing him to withdraw his guilty plea.  His plea conclusively established the elements of his crime, and he has not proffered any evidence to show that his plea was not made knowingly and voluntarily.  Defendant attempts to challenge his plea now only because he believes the Government's case to be weaker based on perceived procedural defects.  But a "defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the [Government]'s case." *Brady*, 397 U.S. at 757.

Therefore, even if the Court were not dismissing this Motion based on Defendant's attempt to use hybrid representation, the Motion would still be denied

as a result of Defendant's failure to carry the burden of establishing a fair and just cause for withdrawing his guilty plea.

      IT IS THEREFORE ORDERED that the motion is DENIED.

      IT IS SO ORDERED.

*[Signature]*
G. Ross Anderson, Jr.
Senior United States District Judge

September 9, 2010
Anderson, South Carolina