UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 7:10-cr-00241-GRA-1 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Paul Calvin Dawkins, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's *pro se* Motion Requesting Recommendation to the Federal Bureau of Prisons (BOP) for Second Chance Act. (ECF No. 47.) For the following reasons, Defendant's Motion shall be DENIED.

## Background

Defendant pled guilty to one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). This Court sentenced Defendant to 60 months imprisonment, to be followed by 3 years of supervised release. In the instant Motion, Defendant asks this Court to recommend to the BOP that Defendant serve 12 months of his sentence in a halfway house pursuant to the Second Chance Act.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

(per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### Discussion

Defendant relies on the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008) (codified as amended at 18 U.S.C. § 3624(c)),[1] to support his Motion. However, Defendant is not yet eligible for placement in a halfway house under § 3624 because he has more than 12 months of his 60-month sentence remaining.[2] *See* 18 U.S.C. § 3624(c)(1) (stating the Director of the BOP shall ensure a prisoner spends a portion of the final months of his prison term "not to exceed 12 months" in conditions that may include a community correctional facility). Furthermore, Defendant is advised that requests for placement in a halfway house pursuant to § 3624 are properly made through administrative channels within the BOP.

Finally, insofar as Defendant is asking this Court to directly order that he be placed in a halfway house, this Court does not have the authority to order where Defendant shall be placed. Section 3624 does not provide this Court any authority

---

[1]  Section 251 of the Act amended 18 U.S.C. § 3624(c), effective April 9, 2008.

[2]  The Court notes that in the attachments submitted with Defendant's Motion, the last page of his Inmate Skills Development Plan explains that his Second Chance Act review will be conducted 17–19 months prior to his projected release date, which the BOP website lists as August 21, 2014.

to modify Defendant's sentence.  See 18 U.S.C. § 3624(c) (authorizing the BOP to place a defendant in a halfway house); see also United States v. Alan Lun Wai Ng, 378 F. App'x 299, 301–02 (4th Cir. 2010) ("The Bureau of Prisons is given sole authority to determine where an inmate will serve his or her sentence.").

IT IS THEREFORE ORDERED that Defendant's Motion (ECF No. 47) be DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 22, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14) days** from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**